IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

PATRICIA CLOWERS     PLAINTIFF

vs.     Civil No. 4:14-cv-04036

CAROLYN W. COLVIN     DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Patricia Clowers ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Disability Insurance Benefits ("DIB") and period of disability under Title II of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.**     **Background:**

Plaintiff protectively filed her current disability application on July 21, 2011. (Tr. 13, 154). In this application, Plaintiff alleges being disabled due to anxiety, back pain, bone spurs on her back, osteoarthritis, "mini-stroke in 04/2011," high blood pressure, memory loss, depression, and fibromyalgia. (Tr. 177). This application was denied initially and again upon reconsideration. (Tr. 75-76).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

Thereafter, on November 6, 2012, the ALJ held an administrative hearing on Plaintiff's application. (Tr. 69-74). During that hearing, Plaintiff stated she would "like to get representation." (Tr. 73). The ALJ then held a second administrative hearing on January 31, 2013. (Tr. 32-68). This hearing was held in Texarkana, Arkansas. *Id.* At this hearing, Plaintiff was present and was represented by Greg Giles. *Id.* Plaintiff, Vocational Expert ("VE") Silvia Comara, and Medical Expert ("ME") Salee Amusa testified at this hearing. *Id.* During this hearing, Plaintiff testified she was forty-eight (48) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008). (Tr. 36-37). Plaintiff also testified she only completed the eighth grade in school. (Tr. 37).

On February 25, 2013, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's application. (Tr. 13-27). The ALJ found Plaintiff last met the insured status requirements of the Act through June 30, 2010. (Tr. 15, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") from her alleged onset date of July 1, 2009 through her date last insured of June 30, 2010. (Tr. 15, Finding 2). The ALJ determined Plaintiff had the following severe impairments: chronic pain, degenerative disc disease of the lumbar spine, degenerative joint disease of the left knee, depressive disorder, and anxiety disorder. (Tr. 15-20, Finding 3). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 20-21, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 21-25, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the capacity to perform the following:

> After careful consideration of the entire record, I find that through the date last insured, the claimant had the residual functional capacity to perform less than the full range of light work as defined in 20 CFR § 404.1567(b). That is, she could lift and/or carry 20 pounds occasionally and 10 pounds frequently, could stand and/or walk for 4 hours in an 8-hour workday, and could sit for 6 hours in an 8-hour workday. However, she could never climb ladders, ropes, or scaffolds and could only occasionally engage in other postural functions. Finally, she was limited to understand, remembering, and carrying out simple instructions.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff was unable to perform any of her PRW. (Tr. 25, Finding 6). The ALJ then evaluated whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 25-26). The VE testified at the administrative hearing regarding this issue. *Id.*

Considering Plaintiff's RFC, PRW, education, and age, the VE testified Plaintiff retained the capacity to perform representative occupations such as table worker (sedentary) with approximately 1,000 such jobs in Arkansas and 190,000 in the United States; surveillance-system monitor (sedentary) with approximately 900 such jobs in Arkansas and 90,000 such jobs in the United States; and food and beverage order clerk (sedentary) with approximately 1,100 such jobs in Arkansas and 130,000 in the United States. (Tr. 26). Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff had not been under a disability, as defined in the Act, at any time from July 1, 2009 (alleged onset date) through June 30, 2010 (date last insured). (Tr. 26, Finding 11).

Thereafter, Plaintiff requested the review of the Appeals Council. (Tr. 9). On January 22, 2014, the Appeals Council denied this request for review. (Tr. 1-3). On February 27, 2014, Plaintiff filed her Complaint in this matter. ECF No. 1. The Parties consented to the jurisdiction of this

Court on February 28, 2014.  ECF No. 5.  Both Parties have filed appeal briefs.  ECF Nos. 11-12. This case is now ready for decision.

**2.     Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2010);  *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that

his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3.     **Discussion:**

In her appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 11. Specifically, Plaintiff claims the following: (A) the ALJ erred in her evaluation of Listing 1.02; (B) the ALJ erred in her evaluation of the medical evidence; (C) the ALJ erred in her evaluation of Plaintiff's credibility; and (D) the ALJ erred in presenting "an insufficient hypothetical to the V.E." ECF No. 11 at 1-20. The Court will consider each of Plaintiff's arguments for reversal.

### A.    Listing 1.02

Plaintiff claims her impairments meet the requirements of Listing 1.02. ECF No. 11 at 11-14. Listing 1.02 requires the following:

> **1.02 Major dysfunction of a joint(s)** (*due to any cause*): Characterized by gross anatomical deformity (e.g., subluxation, contracture, bony or fibrous ankylosis, instability) and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joint(s), and findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joint(s). With: A. Involvement of one major peripheral weight-bearing joint (i.e., hip, knee, or ankle), resulting in inability to ambulate effectively, as defined in 1.00B2b; OR B. Involvement of one major peripheral joint in each upper extremity (i.e., shoulder, elbow, or wrist-hand), resulting in inability to perform fine and gross movements effectively, as defined in 1.00B2c.

In Plaintiff's case, she claims the ALJ erred in considering "her inability to ambulate effectively." ECF No. 11. However, as outlined above, the "inability to ambulate effectively" is just one consideration when evaluating Listing 1.02. Indeed, for Plaintiff to establish she is disabled under Listing 1.02, she must present evidence of a "gross anatomical deformity." Examples of such a deformity include "subluxation, contracture, bony or fibrous ankylosis, instability."

 In Plaintiff's case, however, she has provided no evidence–or even argument–as to which "gross anatomical deformity" she has. Accordingly, Plaintiff has not met her burden establishing her impairments meet the requirements of Listing 1.02. *See Johnson v. Barnhart,* 390 F.3d 1067, 1070 (8th Cir. 2004) ("The burden of proof is on the plaintiff to establish that his or her impairment meets or equals a listing"). Thus, this Court will not address this issue further.[2]

---

[2] As a final point on this issue, Plaintiff has not even demonstrated she is *unable* to ambulate effectively. Plaintiff claims she needs a walker to walk. ECF No. 11. However, as Plaintiff herself referenced in her briefing, on September 6, 2012, Dr. Carey Alkire, M.D. found Plaintiff was "able to stand and walk today without a walker." (Tr. 354). This certainly undercuts Plaintiff's claims that she is unable to "ambulate effectively" and requires the use of a walker.

**B.     Medical Evidence**

Plaintiff claims the ALJ erred in evaluating the opinions of her treating physician, Dr. John Sayre, M.D. ECF No. 11 at 14-16. Dr. Sayre, a general practice physician in Nashville, Arkansas, treated Plaintiff from 2008 through at least 2011. (Tr. 273-294, 316-318, 329-331, 355-358). Included in the transcript in this case is an undated "Medical Opinion" form of Dr. Sayre. (Tr. 355-358). In this form, Dr. Sayre states Plaintiff is "unable to work." *Id.*

In her opinion, the ALJ fully considered Dr. Sayre's findings. (Tr. 18). The ALJ then discounted his findings for the following reasons:

> I have given special attention to treating physician, Dr. Sayre's report. A treating physician's opinions are generally entitled to controlling weight when well supported and not inconsistent with the other substantial evidence in the record (20 C.F.R. § 404.1527(e)(1); Social Security Ruling 96-2p; Social Security Ruling 96-5p). However, I give little weight to Dr. Sayre's opinion that the claimant's limitations prevented her from being able to maintain competitive employment of any kind due to the variety of limitations that Dr. Sayre specified. Indeed, while Dr. Sayre opined that the claimant was limited in this way for the past five years, there is no evidence during the relevant time period before the claimant's date last insured to support this. Even the images of the claimant's degenerative diseases show only mild or minimal degeneration, which would not reasonably support the degree of limitation found by Dr. Sayre. Also, the evidence existing near the time that those images were taken shows normal motor strength in all extremities and that she did not use a cane to ambulate. Because Dr. Sayre's opinion is inconsistent with the objective medication evidence during the relevant time period, I give less weight to Dr. Sayre's opinion that might otherwise be warranted for a treating source. See 20 CFR § 404.1527. Moreover, I do not given any special significance to his opinion that the claimant was disabled for purposes of obtaining a disabled person's parking permit. Indeed, a statement by a medical source that a person is "disabled" or "unable to work," especially under a different standard, does not mean that the person is disabled under our rules. See 20 CFR § 404.1527(d). Dr. Sayre's opinion that the claimant is "disabled" can never ben offered controlling weight because it is on an issue reserved to the Commissioner (20 CFR § 404.1527 and SSR 96-5p).

(Tr. 24). After reviewing this evaluation, the Court finds the ALJ has supplied "good reasons" for discounting the opinions of Plaintiff's treating physician, and the Court finds no basis for reversal

on this issue. *See* 20 C.F.R. § 404.1527(c)(2) (2012) (requiring "good reasons . . . for the weight we [SSA] give your treating source's opinion").

### C.     Credibility Determination

Plaintiff claims the ALJ erred in evaluating her subjective complaints. ECF No. 11 at 16-17. Plaintiff does not, however, state *how* the ALJ erred in evaluating those subjective complaints. *Id.* Thus, the Court will generally consider that claim.

Upon review of the ALJ's decision, the Court finds no basis for reversal on this issue. Indeed, in her opinion, the ALJ discounted Plaintiff's subjective complaints for the following reasons: (1) "treatment notes as late as June 2011, show that the claimant did not require a cane or a crutch and was independent in her activities of daily living"; (2) "while she was treated with medication to treat depression and anxiety, she was treated by her primary care physician and was not referred to a mental health specialist"; and (3) "regarding her physical impairments, she was treated conservatively during the relevant time period and was not referred to a surgeon." (Tr. 24).

Because the ALJ supplied "good reasons" for discounting Plaintiff's subjective complaints, the Court finds no basis for reversal on this issue. *See Turpin v. Colvin,* 750 F.3d 989, 993 (8th Cir. 2014) (recognizing a court defers to the ALJ's evaluation of the claimant's credibility as long as it is supported by good reasons and substantial evidence) (internal citation omitted).

### D.     Hypothetical to the V.E.

Plaintiff claims the ALJ erred by supplying a defective hypothetical to the VE which did not contain all of her limitations. ECF No. 11 at 17-19. In making this argument, Plaintiff again challenges the ALJ's evaluation of Dr. Sayre's findings. *Id.* However, as stated previously, the ALJ

did *properly evaluate* Dr. Sayre's findings.  Further, Plaintiff has not demonstrated her limitations are any greater than those found by the ALJ.  Thus, the ALJ was not required to include those limitations in her hypothetical to the VE.  *See Hulsey v. Astrue,* 622 F.3d 917, 922 (8th Cir. 2010) ("A vocational expert's testimony constitutes substantial evidence when it is based on a hypothetical that accounts for all of the claimant's proven impairments") (internal citation omitted).  Accordingly, the Court finds no basis for reversal on this issue.

**4.      Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 12th day of February 2015.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE